864 F.2d 150
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Abul A. AHMED, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3212.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1988.
Rehearing Denied Jan. 6, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Abul A. Ahmed (petitioner) appeals the final order of the Merit Systems Protection Board (MSPB) denying petitioner's request for review of the initial decision of an administrative judge, Docket No. DC315H8710515. Petitioner appealed to the MSPB from a decision by the Department of the Army, which terminated him from the position of Health Physicist effective August 26, 1983. The administrative judge dismissed the appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Petitioner was employed as an Environmental Scientist with the Environmental Protection Agency (EPA) from March 5, 1978, to March 2, 1979, when he resigned. He was then employed in a position with the same job title and grade level, but in a different office of the EPA, from March 7, 1979, to March 5, 1980, when his employment was terminated. He appealed that termination to the MSPB alleging that he had completed a probationary period with the EPA from March 5, 1978, to March 2, 1979, and that he was therefore a nonprobationary employee entitled to various rights that he had not been accorded. He also argued that his resignation on March 2, 1979, had been involuntary, and thus was tantamount to a separation effective subsequent to his completion of his probationary period. In its decision of May 24, 1982, the MSPB found that petitioner had failed to establish that he had completed his probationary period before resigning, that he was still a probationary employee, and that the MSPB lacked jurisdiction of his appeal. The MSPB also found that although petitioner had submitted his resignation to avoid termination for unsatisfactory performance, that action did not render the resignation involuntary so as to be appealable to the MSPB. Ahmed v. EPA, 10 MSPB 471, 11 M.S.P.R. 548 (1982). Those determinations are final and binding on petitioner.
 
 
 3
 Following the termination of his employment on March 5, 1980, petitioner was appointed to a 90-day temporary position effective March 6, 1980, to perform the same job that he had been assigned before his termination. Petitioner was hired subsequently on September 14, 1982, by the Department of the Army as a Health Physicist and was terminated from that position on August 26, 1983.
 
 
 4
 He filed his appeal to the MSPB in the pending case on August 13, 1987, about four years after his termination by the Department of the Army. In his initial decision, the administrative judge found that petitioner had been terminated during his probationary period with the Department of the Army and that, in view of the MSPB's decision in Ahmed v. EPA, supra, there was no merit to petitioner's position that he had completed his probationary period with the EPA. The full board declined to review the initial decision.
 
 
 5
 The central issue in Ahmed v. EPA, supra, was whether petitioner had become a nonprobationary employee at EPA when he was removed from his job there on March 5, 1980. As petitioner had a full and fair opportunity to litigate that issue in that action, he is precluded from relitigating it here. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 332-33 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Found., Inc., 402 U.S. 313 (1971). Petitioner may not now claim to have become a nonprobationary employee on either March 2, 1979, March 5, 1980, or any other date previous to his termination on March 5, 1980. As the Supreme Court explained in Commissioner v. Sunnen, 333 U.S. 591, 597 (1948):
 
 
 6
 "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' " (Citation omitted.)
 
 
 7
 Ahmed v. EPA, supra, retains its preclusive effect even if, as petitioner argues, it was wrongly decided. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Assuming arguendo that it was wrongly decided, petitioner's remedy was to appeal its merits directly rather than attack its merits collaterally in this action.
 
 
 8
 The sole issue raised by petitioner and not disposed of by Ahmed v. EPA, supra, is whether he completed a one-year probationary period with the EPA on March 7, 1980, while serving a 90-day temporary appointment following his removal on March 5, 1980. This issue was not disposed of in that case because March 7, 1980, is two days after the date he was terminated.
 
 
 9
 Petitioner argues that he completed a one-year probationary period on March 7, 1980, because on that date the length of his previous service with the EPA which terminated on March 5, 1980, when added to the length of his service under the 90-day temporary appointment which he was then serving, totaled one year. Although there are circumstances in which a Federal worker's prior service can be counted toward the completion of a new probationary period, See Federal Personnel Manual, Chapter 315, Appendix A, A-3c, petitioner was not employed on March 7, 1980, in a position in which he was serving a probationary period. He was employed in a 90-day temporary position. The Request for Personnel Action form under which he was hired for that position stated that he was being hired under the authority of 5 C.F.R. Sec. 316.402(b)(1). That regulation discusses temporary limited appointments. Workers serving under temporary limited appointments do not serve probationary periods. Federal Personnel Manual, Chapter 316, Subchapter 4-2(5). Therefore, petitioner is not entitled to add any part of his service during the 90-day appointment to his previous service with EPA in order to establish that he had completed the required one-year probationary period. Accordingly, we hold that petitioner did not become a nonprobationary employee on March 7, 1980.